**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRNA YANIRA ESCAMILLA, | No. 11-72698 |
| Petitioner, | Agency No. A074-424-107 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Mirna Yanira Escamilla, a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Escamilla's experiences in El Salvador did not rise to the level of past persecution. *See id.* at 1059 ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks and citation omitted); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute past persecution). Substantial evidence also supports the BIA's determination that Escamilla's general fear of violence in El Salvador is insufficient to establish a well-founded fear of future persecution. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) ("[T]o establish a well-founded fear, petitioner cannot simply prove that there exists a generalized or random possibility of persecution[;] she must show that she is at particular risk[.]") (internal quotation marks, alterations, and citation omitted). We lack jurisdiction to consider both Escamilla's contention that she established a nexus based on union activities at her work, and her contention that she will targeted based on her Americanized

appearance, because she did not exhaust them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Consequently, her asylum claim fails.

Because Escamilla failed to establish eligibility for asylum, she necessarily failed to meet the higher burden of proof for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of CAT protection because Escamilla failed to demonstrate it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**